IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TITUS HENDERSON,

                              Plaintiff,

    v.

KEVIN CARR, RICK RAEMISCH,
MATTHEW FRANK, GARY HAMBLIN,
AMY SMITH, ISMAEL OZANNE, EDWARD WALL,
LARRY JENKINS, CATHY JESS,
KATHRYN ANDERSON, WELCOME ROSE,
ANDREA OLMANSON, PETER HUIBREGTSE,
RICHARD SCHNEITER, GARY BOUGHTON,
TIM HAINES, SARA MASON, BRIAN KOOL,
U.M. HABLE, STACEY HOME, JOHN SHARPE,
JONNI S. SHARPE, CAPT. BRUDOS, ELLEN RAY,
WILLIAM BROWN, LEBEUS BROWN,
JOLINDA WATERMAN, D. GARDNES, D. ESSER,
COII NELSON, RYAN HILL, M. SCULLION,              OPINION and ORDER
MARY MILLER, J. KILEY, COII GODFREY, LT. TOM,
LT. HANFIELD, CAPT. BOISEN, COII RALPH,             21-cv-347-jdp
COII COCKROFT, A. BROADBENT, T. OVERBO,
SICKINGER, J., COII JERGENS, SGT FUER,
TROY HERMANS, J. SWEENEY, M. HORNER,
H. BLOYER, COII HULCE, M. HENNERMAN,
CAPT. GERL, COII KARNOPP, COII KARTMAN,
S. JONES, L. PRIMMER, SGT. PRIMMER,
SGT. LAXTON, COII HACKETT, COII LOMEN,
C. FINNELL, SGT. KUSSMUL, CAPT. FLANERY,
SGT. SHERMAN, COII HEIN, COII HASSEL,
J. GOVIES, COII HALL, COII MCDANIEL,
BROWN-FISCHER, SGT. PATTEN, CAPT. GILBERG,
B. MCCULLICK, CAPT. HOEPPER, LT. STEWART,
SGT. YENSKY, SGT. JANTZEN, S. GALLAGHER,
L.J. SCHWANDT, SGT. WALLACE,
and SGT. LEFFLER,

                              Defendants.

---

        Plaintiff Titus Henderson, appearing pro se, is an inmate at Green Bay Correctional Institution. Henderson alleges that when he was incarcerated at the Wisconsin Secure Program

Facility, prison staff there withheld the majority of his meals over a several-year span, in part to retaliate against him for complaining about prison conditions. The court has already allowed Henderson to proceed with this case in forma pauperis without prepaying any portion on the filing fee.

The next step is for me to screen Henderson's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages.[1] 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Henderson is also subject to a sanction I issued against him for repeatedly filing lawsuits naming dozens of defendants concerning multiple unrelated series of events: I stated that any similar lawsuits he files would be summarily dismissed without giving him an opportunity to amend his complaint. *See Henderson v. Walker*, No. 15-cv-417-jdp, slip op. at 2–3 (W.D. Wis. May 24, 2017).

I won't dismiss the case under this sanction because Henderson does appear to limit his allegations to one series of transactions: from 2007 to 2015, WSPF staff repeatedly denied him most of his meals. Henderson's complaint is extremely detailed in some ways: he recounts instances in which prison officials threatened him for complaining about prison conditions or told him that he was being starved on purpose. He also lists individual days or stretches of time and states how many meals he was denied for each time period.

---

[1] Henderson has filed a motion asking me to screen the complaint, Dkt. 11, which I will deny as moot.

But there is still a glaring problem with the complaint. Henderson names more than 80 prison officials as defendants but he only conclusorily explains what most of them did to violate his rights. For each short stretch of time he lists in the complaint, he lists a group of defendants—often including high-level officials like the warden—and alleges simply that they "denied" him meals. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. Because claims under 42 U.S.C. § 1983 must be based on a defendant's personal involvement in constitutional violation, *see Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), each individual defendant that Henderson wishes to sue in these actions must be able to understand what he or she is alleged to have done to violate plaintiff's rights. It is insufficient for Henderson to assert in blanket fashion that all defendants denied him meals, particularly where he has named more than 80 individual defendants.

Henderson suggests that the decision to withhold meals from him was authorized by high-level prison officials and that the denial of meals was part of his punishment for fabricated disciplinary convictions. But it seems implausible that DOC officials would formally approve this type of punishment—for obvious constitutional and ethical reasons, withholding of meals is not an officially sanctioned penalty in Wis. Admin. Code. § DOC 303 ("Discipline")—and he doesn't otherwise explain how he knows that dozens of officials joined in a conspiracy to harm him.

I will give Henderson a short time to submit an amended complaint that complies with Rule 8. He should avoid listing the names of several defendants and vaguely alleging that they denied him meals. Instead, he should explain what each defendant specifically did to harm

him. If Henderson does not amend his complaint by this deadline, I will allow him to proceed only against the officials who he alleges explicitly told him that they meant to harm him by starving him.

ORDER

IT IS ORDERED that:

1. Plaintiff Titus Henderson may have until February 22, 2022, to submit a proposed amended complaint more clearly detailing his claims as discussed above.

2. Plaintiff's motion for screening of his complaint, Dkt. 11, is DENIED as moot.

Entered February 1, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge